UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN COUCH and DARLENE COUCH | CIVIL ACTION NO. 16-1070 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| DELIGHT FABRICATION, L.L.C., ET AL | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM RULING

The Plaintiffs, John and Darlene Couch, have filed suit against the Defendants, Delight Fabrication ("Delight") and Mesa Underwriters Specialty Insurance Co. ("Mesa"), for damages arising out of an incident at John Couch's place of employment, House of Raeford Farms ("House of Raeford"). Plaintiffs and Defendants have filed cross-motions for summary judgment. [Record Documents 44, 46, 48, 50, 54, and 56].[1] The Defendants submit that Plaintiffs cannot meet the elements of their Louisiana Civil Code article 2315 negligence claim, thus entitling Defendants to summary judgment in their favor. Plaintiffs, on the other hand, contend that there are no genuine disputes of material fact which would bar the Court from entering judgment in their favor on the question of liability. The Court disagrees with the parties and finds that there are genuine disputes of material fact which

---

[1] House of Raeford filed a memorandum in support of the Plaintiffs' submissions [Record Document 53]. Defendants oppose House of Raeford's memorandum because they submit it was untimely filed. Because the summary judgment motions are all denied, as discussed herein, the Court need not address the issue of House of Raeford's timeliness.

preclude the grant of summary judgment to either party. Accordingly, Plaintiffs' and Defendants' motions for summary judgment shall be DENIED.

## FACTUAL BACKGROUND

John Couch worked for House of Raeford, which is a chicken plant located in Arcadia, Louisiana. In 2014, House of Raeford contracted with Defendant Delight to remove its existing auger-style ice conveyor and replace it with a belt-type conveyer in the "icehouse," which is a room located on the second floor of the plant. As part of the work, Delight was to fabricate and install a chute and drip pan for the conveyer and reconfigure portions of a steel grate floor adjacent to the conveyer. In September 2014, Delight performed this work over the course of 18 hours.

The issue germane to the instant suit is the work Delight performed on the platform grating. Part of the work to be performed called for Delight to "cut and replace grating." Record Document 44-2, p. 5, ll. 18-21. House of Raeford required that the platform grating be removable so that it could be taken up, cleaned, and sanitized in compliance with USDA regulations. Delight's owner, Rex Watts ("Watts"), submits that Delight installed tack welds on each end of the grating to hold it in place. Watts described a tack weld as "a tack enough to hold it in place. [The tack is welded] to the channel under the grating. . . . We put another beam across there where it had two points to hold it up. And then we tack welded that grating to the channels underneath the grating to hold it in place." Id. at p. 6, ll. 19-24; p. 7, ll. 1-5. However, due to House of Raeford's requirement that the grates be

removable, Watts testified that the grating would have to be cut loose and re-welded for each cleaning. Id. at p.7, ll. 21-23.

Between the completion of the work in September 2014 and Couch's accident in December 2015, there were no incidents or issues with the grating. Employees routinely walked on it and shoveled ice without any problems or concerns. However, on December 27, 2015, one of the grating panels collapsed when Couch was standing on it shoveling ice. Couch fell through the platform to the floor below, sustaining injuries in the process.

Plaintiffs contend that Delight's "negligence, gross negligence, and professional negligence [including] lack of planning, insight, and knowledge" caused Couch's accident and resulting injuries. Record Document 46-1, p. 6. In essence, Plaintiffs assert that Delight failed to design, construct, and install a proper system that would allow the grating to be removed, yet still guard against shifting lateral forces which would be routinely encountered in the icehouse because of the employees shoveling ice. Id. Plaintiffs argue that Watts knew of the intended use of his work, but failed to "deliver a safe product" that would serve its intended purposes. Id. at p. 26. Defendants, on the other hand, contend that Delight performed the work it was contracted to provide; the work was accepted by House of Raeford; there were no issues in the intervening fifteen months between installation and the accident; and most importantly, that House of Raeford had to cut the tack welds to remove the panels and then re-weld them, and thus House of Raeford bears the responsibility for the instability of the platform.

# LAW AND ANALYSIS

I.  Motion for Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Factual disputes that are irrelevant or unnecessary will not be counted." Id.

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue

for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. See Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005). However, a factual controversy only exists when "both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

2. <u>Analysis</u>.

In arguing their respective motions, both sides overlook glaring, material facts that are actually in dispute. Watts testified that Delight's employees tack-welded the grating in place. Plaintiffs, however, submit that neither Plaintiffs' expert, nor Defendants' own expert, can find any evidence that the grating was ever tack-welded. Record Documents 46-5, pp. 18-20 and 46-6. Thus, one question of fact is whether the grating was actually tack-welded in September 2014 when Delight completed its work at House of Raeford.

Another question of fact is to what extent and how often did House of Raeford employees remove the panels to clean and sanitize them. Testimony in the record demonstrates that the panels had to be removable so that they could be cleaned and sanitized, but the record is unclear as to how often and by whom this work was done between September 2014 and December 2015. Further, in that same vein, how was that work performed? In other words, were the grates cut loose and then re-welded, as Delight submits they must have been, or rather, were the grates simply pulled up without any modifications having to be done? Plaintiffs have submitted the affidavit of Vincent Van Benthuysen, a House of Raeford employee, who represents that when Delight finished the project in September 2014, the grating system was not welded or attached to the underlying platform at all; that any employee who lifted and cleaned the panels was advised to replace the grates exactly as they were left by Delight; and that no House of Raeford employee cut, filed, or removed any tack welding from the grating panels in the icehouse. Record Document 56-2, pp. 1-2. Thus, Plaintiffs insist that the grating was not altered in any way until after Couch's accident, id., which is in direct contradiction to Defendants' allegations.

The Court finds that this case presents material fact questions which cannot be resolved on summary judgment. Under Rule 56, the summary judgment motions must be denied because both sides have equally failed to satisfy the burden of demonstrating the absence of a genuine issue of material fact.

## CONCLUSION

Based on the foregoing, the Court finds there are genuine issues of material fact, which preclude the grant of summary judgment for either Plaintiffs or Defendants. Accordingly, Plaintiffs' and Defendants' motions for summary judgment [Record Documents 44, 46, and 48] be and are hereby **DENIED**.

**THUS DONE AND SIGNED** on this 27th day of February, 2018.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE